IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD BRASCHLER,

    Plaintiff,

v.                                                                Case No. 18-1063-JWB

DEVERE and JOY LYNNE BROTHERS,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for summary judgment. (Doc. 23.) The matter has been fully briefed and is ripe for decision. (Docs. 24, 25, 26.) For the reasons stated herein, Defendants' motion is GRANTED.

**I.    Facts**

On March 6, 2016, Plaintiff Todd Braschler was on his motorcycle on 112th Road in Cowley County, Kansas, when Defendants' dog collided with the motorcycle ("the accident"). Defendants Devere and Joy Lynne Brothers operate a farm on their property. Their home directly adjoins 112th Road, which is a public highway (the "highway"). Defendants owned a dog named Cleo. The dog was a Giant Schnauzer weighing around 80 pounds. In 2016, the dog was three years old and she stayed primarily inside Defendants' home. When Defendants were away from the home, the dog was placed in an outside kennel. During the day, the dog was allowed to run loose on the property. She would routinely run to the barn and also go to the pasture where the cattle were kept. Prior to the accident, the dog did not pay any attention to traffic on 112th Road

and she did not demonstrate any inclination to run onto the highway. The dog had never bitten anyone or shown any vicious behavior.

Defendants had another dog, Sadie. Sadie was an outdoor dog and kenneled outside most of the time.[1] The kennel was a shared space for both dogs. The kennel has both an inside and outside component. The inside entrance was inside a metal storage building. A day or two before the accident, Cleo was sprayed by a skunk. She was placed in the kennel because of the smell. Defendants then went out of town and the dog remained in the kennel. Defendants arrived home after the overnight trip and Devere went to the kennel to check the food and water. Devere did not intend to let the dog out of the kennel because she still had a skunk odor and he did not want her in the house. Joy Lynne testified that they knew that the dog would want out of the kennel but that they were not intending to let her out.

Upon entering the shed, Devere failed to close the outside door of the shed. Devere then went to the kennel door to check on the food. Upon opening the kennel gate door, the dog darted between Devere's legs and got outside of the kennel and ran towards the barn. The dog then turned towards the highway. Devere called for the dog to stop and she did stop and sit down near the mailbox for a brief moment. Devere testified that he did not want the dog going to the highway because it was dangerous. Devere then heard the approaching motorcycle and observed the dog start to go towards the highway. Devere did not see the accident which caused Plaintiff to be thrown from his motorcycle and the dog to be killed. Plaintiff suffered injuries as a result of the accident.

Although the dog attended obedience training on a few occasions, the training was not completed. Plaintiff has retained an expert who has offered opinions regarding animal control by

---

[1] Throughout this order, all references to a "dog" are references to Cleo and not Sadie.

owners. Plaintiff's expert opined that Devere should have shut the second enclosure before allowing the dog to escape. Plaintiff's expert further opined that there are several potential consequences of a dog escaping an enclosure, including interference with traffic. Plaintiff's expert opined that "[i]t is not at all unexpected that a dog, kept in a kennel which it does not like or for some extended period of time without human interaction, will be anxious to run free either by escaping or upon release." (Doc. 25 at 6.) Devere testified that most of the time he could get inside the kennel without letting the dog out. On two or three previous occasions, the dog did not obey Devere's commands to return.

Plaintiff filed this action against Defendants alleging that Defendants were negligent in failing to properly contain their dog and allowing the dog to run onto the highway. Defendants now move for summary judgment.

## II.     Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Sotunde v. Safeway, Inc.*, 716 F. App'x 758, 761 (10th Cir. 2017). The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim. *Thom v. Bristol—Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Id.* The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### III. Analysis

Defendants contend that Plaintiff's claim fails as a matter of law because the dog did not have a propensity for running onto the highway, and, therefore, it was not foreseeable to Defendants that the dog would run onto the highway and cause an accident after being let out of the kennel. Plaintiff essentially argues that the facts support a finding that this type of incident was foreseeable given the fact that the dog had been restrained for two days, the dog liked to run, Defendants knew the highway was dangerous, and the dog had previously failed to heed Defendants' commands. Plaintiff also argues that the facts would support a claim for negligence under a theory of strict liability.

Under Kansas law, an owner of a domestic animal is subject to liability under three circumstances: 1) the owner knows or has reason to know of the animal's dangerous propensities, i.e. strict liability, and, if there is no reason to know of its dangerous propensities, 2) the owner "intentionally causes the animal to do harm;" or 3) the owner is "negligent in failing to prevent the harm." *White v. Singleton*, No. 90,550, 2004 WL 48884, *1 (Kan. Ct. App. 2004) (citing *Mercer v. Fritts*, 9 Kan. App. 2d 232, 236, *aff'd*, 236 Kan. 73, 689 P.2d 774 (1984). The second circumstance is clearly inapplicable in this case.

#### A. Strict Liability

Plaintiff argues that the facts would support a claim for strict liability because the dog was dangerous in that it was able to inflict injury if the dog got onto the highway. (Doc. 25 at 17.) Defendants argue that Plaintiff failed to assert a claim of strict liability in the pretrial order. Upon review of the pretrial order, it is clear that Plaintiff asserted only a claim for negligence and that the claim was premised on Defendants' failure to properly contain the dog on the property and by allowing the dog to run onto the highway. (Doc. 21 at 4-5.) The pretrial order does not include a

claim of strict liability. Therefore, Plaintiff is precluded from asserting a claim based on strict liability. *See* D. Kan. R. 16.2(b) ("The pretrial order…will control the subsequent course of the action…unless modified….")

**B. Negligence**

Turning to the negligence claim, the pertinent issue is whether the harm in this case was foreseeable to Defendants. As Kansas law provides that an owner can be negligent for failing to prevent a harm, the court must look to Kansas law on what Plaintiff must prove in this case to establish negligence. The pertinent instruction that would be provided to the jury in this case states as follows: "Negligence is the lack of reasonable care. It is the failure of a person to do something that a reasonable person would do, or doing something that a reasonable person would not do, under the same circumstances." PIK Civ. 4th 103.01. The question then becomes whether Plaintiff can show that Defendants failed to act with reasonable care when checking on the dog, i.e. not shutting the door when entering the kennel, failing to leash the dog, or by failing to have fencing around the property. (Doc. 21 at 4.)

Defendants argue that Plaintiff cannot meet this burden because Plaintiff cannot establish that the dog had a propensity to run out into the highway, so that it was not foreseeable to them that the dog would run into the highway. In setting the law on animal negligence, Kansas has adopted Restatement (Second) of Torts § 518. *Mercer*, 9 Kan. App. 2d at 238. Kansas has also included language from specific comments in § 518 in the pattern instructions. The following pattern instruction would be applicable to this case:

> One who keeps an animal possessing only those dangerous propensities that are normal to the members of its class is required to know its normal habits and tendencies. That person is required to know that even ordinarily gentle animals are likely to become dangerous under particular circumstances, and to exercise reasonable care to prevent foreseeable harm.

5

PIK Civ. 4th 126.92; *See Gardner v. Koenig*, 188 Kan. 135, 138, 360 P.2d 1107, 1109 (1961) (adopting this comment from the Restatement). A comment to this instruction in PIK states that "[l]iability for bodily injury caused by dogs falls within this rule. *Berry v. Kegans*, 196 Kan. 388, 411 P.2d 707 (1966)." PIK Civ. 4th 126.92.

Reviewing the applicable law and instructions, it is clear that a dog owner is negligent if he has not acted with reasonable care to prevent foreseeable harm. "Foreseeability of injury is an essential ingredient of negligence." *Henkel v. Jordan*, 7 Kan. App. 2d 561, 563, 644 P.2d 1348 (1982) (dog fright case). Foreseeability "is defined as a common-sense perception of the risks involved in certain situations and includes whatever is likely enough to happen that a reasonably prudent person would take it into account." *S. ex rel. S. v. McCarter*, 280 Kan. 85, 103–04, 119 P.3d 1, 13 (2005) (quoting *Gragg v. Wichita State Univ.*, 261 Kan. 1037, 1056, 934 P.2d 121 (1997)).

Defendants argue that summary judgment is appropriate as the undisputed facts show that the dog had not gone onto the highway previously and the dog would routinely run to the barn or the pasture after leaving the kennel. Plaintiff asserts that there was a likelihood that the dog would run to the highway because it had been confined for one or two days in the kennel. Plaintiff does not cite to any facts or authority for this proposition. Plaintiff, however, presents several arguments that the court will address in turn.

First, Plaintiff cites to *Mercer* for the proposition that although Defendants' dog had not previously run onto the highway, Defendants can still be negligent. (Doc. 25 at 11.) *Mercer* involved injuries to a plaintiff who rode on the defendants' horse. 9 Kan. App.2d at 151. Plaintiff argues that the application of comment e from § 518 of the Restatement, which was cited in the

6

*Mercer* opinion, also supports that the lack of a propensity to run into the highway does not preclude his claim. The cited comment is as follows:

> This Section is applicable to those domestic animals of a class that can be confined to the premises of their keepers or otherwise kept under constant control without seriously affecting their usefulness and which are not abnormally dangerous. Although the utility of these animals is sufficient to justify their being kept without risk of the strict liability stated in § 509, **many of them are recognizably likely to do substantial harm while out of control** and, therefore, their keepers are under a duty to exercise reasonable care to have them under a constant and effective control. **Thus there is a likelihood that even a well-broken mare or gelding that had never shown a propensity to bite or kick may do so when running loose.** This is sufficient to require its keeper to exercise reasonable care to keep it under constant control.

Restatement (Second) of Torts § 518, cmt. e (emphasis supplied).

Plaintiff essentially argues that this comment supports his position that the propensities of the dog have no bearing on their negligence claim. Plaintiff points to the statement that a horse may bite when running loose, even though it does not have the propensity to do so. This comment from § 518, however, deals with animals that are "likely to do substantial harm while out of control." *Id.* Plaintiff fails to cite any authority indicating that this comment has been applied to liability for animals that are ordinarily gentle. Rather, the comment regarding gentle animals is set forth in PIK Civ. 4th 126.92. Therefore, the court is not persuaded that this comment is applicable in this matter.

Next, Plaintiff cites to comment k of § 518 for the proposition that there are circumstances in which dog owners can be liable when it comes to allowing their animal to be at large. That comment, however, references horses being allowed to roam free next to a highway. There is no indication that this comment is applicable to dogs. Notably, comment j does discuss animals that are permitted to run at large. It states, in pertinent part, that

> There are certain domestic animals so unlikely to do harm if left to themselves and so incapable of constant control if the purpose for which it is proper to keep them

7

> is to be satisfied, that they have traditionally been permitted to run at large. This class includes dogs, cats, bees, pigeons and similar birds and also poultry, in a locality in which by custom they are permitted to run at large … Although it is not impossible to confine dogs to the premises of their keepers or to keep them under leash when taken into a public place, they have been traditionally regarded as unlikely to do substantial harm if allowed to run at large, so that their keepers are not required to keep them under constant control….However, although the possessor or harborer of a dog or cat is privileged to allow it to run at large and therefore is not required to exercise care to keep it under constant control, he is liable if he sees his dog or cat about to attack a human being or animal or do harm to crops or chattels and does not exercise reasonable care to prevent it from doing so.

§ 518, cmt. j. This comment does not support Plaintiff's position that Defendants were negligent in failing to ensure that the dog was confined on the day of the accident.

Plaintiff also cites to *Endresen v. Allen*, 574 P.2d 1219, 1222 (Wyo. 1978), regarding the common test of negligence. In that case, the dog had escaped the yard and caused a motorcycle to have an accident. Plaintiff cites to *Endresen* regarding the court's statement that the concern in that case was "whether defendants could reasonably have anticipated that injury would result from the animal's being at large on the highway." (Doc. 25 at 14) (citing *Endresen*, 574 P.2d at 1222). It appears that Plaintiff is essentially arguing that Defendants' admission that the highway is dangerous is an indication that Defendants should have foreseen the injury. However, the Wyoming Supreme Court did not indicate that a dog owner is negligent anytime there is a highway close by a residence and the dog is not contained within a fence or leashed. Rather, the court held that there was a fact issue on foreseeability because the defendants "knew of their dog's ability and proclivity to escape from the yard; they knew that it chased cars; [and] they had been told by the animal warden that they should keep it tied." *Endresen*, 574 P.2d at 1222. Contrary to the facts in *Endresen*, there is no indication that the dog in this case had ever run onto the highway or had any interest in the cars driving thereon.

Although Plaintiff cites some additional authority from other states, the court finds that the authority is not persuasive. Kansas animal negligence law does not hold an owner liable unless the injury was foreseeable. *Henkel*, 7 Kan. App. 2d at 563. Plaintiff argues that the injury was foreseeable because the dog had been locked in the kennel. Although a jury could conclude that it would be foreseeable that the dog would run upon escape from the kennel, there is no evidence that could create a question of fact as to whether it would be foreseeable that this dog would run into the highway and cause an accident.

The uncontroverted facts in this case show that the dog was allowed to run loose on the property; the dog would routinely run to the barn and to the pasture where the cattle were kept; and the dog did not show any inclination to run onto the highway nor did she pay any attention to the traffic on the highway. Additionally, the dog had been owned by Defendants for three years. Given the uncontroverted facts in this case, the court finds that a jury could not conclude that a reasonable person in Defendants' position, who failed to close the kennel door, did not put a leash on the dog immediately upon opening the kennel door, and did not have a fence around the property, would have foreseen the injury here or would have foreseen that the dog would run directly onto the highway upon being released from the kennel.

As Plaintiff cannot establish that this injury was foreseeable, Plaintiff cannot succeed on his claim of negligence.

### IV. Conclusion

Therefore, Defendants' motion for summary judgment (Doc. 23) is GRANTED.

**IT IS SO ORDERED** this 22nd day of May, 2019

                                            ___s/ John W. Broomes_____
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE